UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SJ MEDCONNECT, INC., d/b/a THALAMUS<br><br>    Plaintiff,<br><br>    v.<br><br>THALAMUS.COM and JOHN DOE<br><br>    Defendants | Civil Action No: |

**COMPLAINT FOR VIOLATION OF THE**
**ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**

Plaintiff SJ MEDCONNECT, INC., d/b/a THALAMUS ("Thalamus") complains and alleges on personal knowledge as to matters relating to itself, and on information and belief as to all other matters, as follows:

**THE PARTIES**

1. Plaintiff Thalamus is a corporation organized and existing under the laws of the State of Delaware that is authorized to do business in Virginia.

2. Defendant THALAMUS.COM ("<thalamus.com>") is a domain name, registered by Defendant John Doe through a service called Moniker Online Services LLC, against which Thalamus is asserting an *in rem* action under the provisions of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) and 15 U.S.C. § 1125(a).

3. Defendant John Doe is an individual unknown to Thalamus. No information is available to Thalamus as to the real identity or location of John Doe, and Thalamus sues said defendant by said defendant's fictitious name(s). Thalamus will seek leave to amend this complaint to assert allegations against John Doe when John Doe's true identity and location are ascertained. Thalamus is informed and believes, and on that basis alleges, that John Doe is

1

legally responsible and liable to Thalamus with respect to all of the matters set forth herein.

## JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), a domain name is deemed to have its situs in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign is the registry for all domain names in the ".com" top-level domain, and VeriSign's principal place of business is located in this judicial district at 12061 Bluemont Way, Reston, VA, 20190. Consequently, a situs of the <thalamus.com> domain name is properly deemed to be within this judicial district.

5. This Court has jurisdiction over the <thalamus.com> domain name pursuant to 15 U.S.C. § 1125(d)(2)(A) and 15 U.S.C. § 1125(a). Pursuant to the terms of 15 U.S.C. § 1125(d)(2)(A), the owner of a trademark "may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if:

    a. the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section; and

    b. the court finds that the owner –

        i. is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under paragraph (1) [of the ACPA]; or

        ii. through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by

            (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

            (bb) publishing notice of the action as the court may direct

promptly after filing the action."

15 U.S.C. §1125(d)(2)(A).

6. Furthermore, pursuant to the terms of 15 U.S.C. § 1125(a), an actionable violation of a trademark owner's rights can occur where there is use in commerce, "on or in connection with any goods or services" of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . ."

15 U.S.C. §1125(a).

7. As explained in greater detail below, the <thalamus.com> domain name is confusingly similar to Thalamus's trademarks, described further below, and domain name <thalamusgme.com>, and upon information and belief is being used to perpetrate fraud upon the public in violation of the ACPA.

8. Thalamus, through due diligence, has been unable to find John Doe because no information is available to Thalamus as to the true identity or location of John Doe. As discussed in further detail below, on information and belief, John Doe has utilized the services of a company known as Moniker Online Services LLC ("Moniker") to register the <thalamus.com> domain name in a manner specifically designed to conceal John Doe's personal information.

9. Moniker is a domain name registrar that purports to provide a platform for domain investors to buy, sell, manage, and monetize their domain investments. Part of Moniker's offerings is a privacy service that enables domain name owners to conceal their contact details on

the WHOIS database by listing the contact information and identity of "Moniker Privacy Service" instead. Moniker states in the terms and conditions on its website that it is not the owner of any domain name. It does not provide any identifying information for the actual domain owner, but rather forwards email and mail communications to the registrant address on file. A true and correct copy of Moniker's Terms and Conditions is attached as **Exhibit A** (*see* section 10. Privacy Services). Moniker's website instructs parties wishing to contact a domain owner to do so through a contact form at the website domain-contact.org.

10. On September 26, 2025, Thalamus sent a notice of John Doe's violation of the ACPA and Thalamus's intent to proceed with this lawsuit, if necessary, to the email address provided by Moniker to its registrar at the time of John Doe's domain name registration (abusereport@moniker.com). A copy of which is attached hereto as **Exhibit B**. Such notice was also sent by mail to the Moniker's physical address, 2320 NE 9th Street, Second Floor, Fort Lauderdale, Florida, 33304. To date, Thalamus has received no response from Moniker or John Doe in regards to the notice.

11. Because the substantive provisions of 15 U.S.C. § 1125(d)(2)(A) and 15 U.S.C. § 1125(a) have been satisfied, this Court has jurisdiction over the <thalamus.com> domain name.

12. Upon information and belief, this Court has personal jurisdiction over John Doe because through John Doe's purposeful and intentional violation of Thalamus's intellectual property rights, John Doe established the requisite minimum contacts with this forum to subject him or her to the personal jurisdiction of this Court as pertains to this matter.

13. Venue is also proper under 15 U.S.C. § 1125(d)(2)(A) for the reasons set forth above.

## FACTS GIVING RISE TO THIS ACTION

14. Thalamus provides a cutting-edge comprehensive graduate medical education interview scheduling platform that connects residency and fellowship applicants with program administrators. Specifically, it provides a suite of software to help streamline the residency

application process including interview scheduling, automated itinerary building, videoconferencing software for video interviews, and application screening and review.

15. Through a number of Web sites located under the umbrella domain name <thalamusgme.com> (the "Thalamus Web Sites"), Thalamus offers users its industry-leading residency interview scheduling software solution, Thalamus Core. In addition to Thalamus Core, Thalamus also offers a number of other add-on products, including automated itinerary building (Itinerary Wizard), video conferencing software (Thalamus Video), data and analytics platform (Cerebellum), and "Cortex," Thalamus's cutting-edge AI/machine-learning application that provides technology-assisted application review (collectively referred to as the "Thalamus Suite"). A true and correct copy of the home page for the Thalamus Web Sites is attached hereto as **Exhibit C**. Thalamus has continuously owned, operated, and used the Thalamus Web Sites for the marketing of the Thalamus Suite since at least 2016.

16. In connection with the marketing of the Thalamus Suite, Thalamus has owns the following U.S. trademarks (the "Thalamus Marks"):

   a. THALAMUS, Reg. No. 5365656, registered December 26, 2017, in Class 39, for "Providing virtual tours of post-secondary educational institutions for student applications; providing travel planning services and itinerary sharing for post-secondary educational program student applicant."

   b. THALAMUS, Reg. No. 5791152, registered July 2, 2019, in Class 9 for "Downloadable education software platform for connecting applicant with administrators in association with training and post-secondary programs for purposes of providing virtual tours of post-secondary educational institutions connected with student applications, providing scheduling and interviews for post-secondary educational program students, providing travel planning and itinerary sharing for post-secondary educational program student applicants, providing analytics to post secondary educational programs regarding optimizing candidate recruitment efforts,

where to recruit candidates and which candidates are most promising, and providing analytics to post-secondary education program candidates as to the optimal programs in which to apply and likelihood of admission to such programs; mobile and non-mobile software application providing on-line virtual communities for applicants and administrators of educational and training programs to organize groups and events, participate in discussions and engage in social, business and community networking; downloadable software platform to facilitate communication between applicants, students, alumni and educational institution staff and faculty." In Class 35 for "Providing on-line application facilitation, scheduling and interviewing services for post-secondary education programs; providing analytics to post-secondary educational programs regarding optimizing candidate recruitment efforts, where to recruit candidates, and which candidates are most promising; providing analytics to post-secondary education program candidates as to the optimal programs to which to apply and likelihood of admission." And in Class 42 for "Platforms as a service (PAAS) featuring computer software platforms for connecting applicants with administrators at training and post-secondary educational programs in the fields of medicine, law, business, nursing, engineering, graduate and undergraduate arts and sciences, and for student job and internship placement and recruiting; providing on-line virtual communities for applicants and administrators of educational and training programs in the field of medicine, law, business, nursing, engineering, graduate and undergraduate arts and sciences, and for student job and internship placement and recruiting, to organize groups and events, participate in discussions and engage in social, business and community networking; providing an on-line

    platform to facilitate communication between applicants, alumni, students and educational institution staff and faculty."

  c. THALAMUS VIDEO, Reg. No. 7834950, registered June 17, 2025, in Class 42, for "Providing an online non-downloadable computer software platform for facilitating virtual interviews for post secondary education programs."

17. Thalamus has engaged in substantial advertising and promotional efforts to promote its Thalamus Suite under the Thalamus Marks.

18. On <thalamusgme.com> and in other promotional materials, since at least March 2016, Thalamus has used the word mark "Thalamus" in conjunction with a stylized drawing of a brain. In February 2025, Thalamus transitioned to using the Thalamus word mark with a simpler, stylized line drawing of a brain. *See* **Exhibit C**.

19. As a result of Thalamus's extensive promotional efforts, the Thalamus Marks have, in connection with post-secondary education application process, become clearly and unambiguously associated with the Thalamus Suite.

20. Thalamus does not own <thalamus.com>, but in efforts to prevent any wrongful use of the Thalamus Marks, has monitored the site regularly. It has been "parked," for decades, meaning it is registered and owned, but not actively used.

21. Upon information and belief, at some time between October 2, 2023, and November 13, 2023, John Doe registered the <thalamus.com> domain name through Moniker.

22. Upon information and belief, using Moniker's privacy services, John Doe identified his/her address in the registration record for the domain name as Moniker's address, 2320 NE 9th Street, Second Floor, For Lauderdale, FL 33304. He/she further identified his/her email as a proxy email.

23. Upon information and belief, both the physical address and the e-mail address provided by John Doe are incorrect and/or incomplete because such addresses are the listed addresses of Moniker rather than the addresses of John Doe and because Moniker's precise

service is to conceal the identity and contact information of the domain name owner.

24. On or about September 11, 2025, as part of its regular monitoring of <thalamus.com>, Thalamus discovered that <thalamus.com> was now displaying the word "Thalamus" in conjunction with a stylized line drawing of a brain. A true and correct copy of the current <thalamus.com> website is attached as **Exhibit D**.

25. The current use of the word "Thalamus" in connection with a stylized line drawing of a brain on the <thalamus.com> domain name is confusingly similar to the Thalamus's use of the Thalamus Marks, and the stylized drawing of a brain, in its marketing materials and on the <thalamusgme.com> website, and is likely to deceive the public as to the affiliation of the <thalamus.com> with Thalamus, <thalamusgme.com>, and the Thalamus Marks.

26. <thalamus.com> is not in any way affiliated with Thalamus, <thalamusgme.com>, or the Thalamus Marks, nor has Thalamus given any authorization or permission to John Doe to register or use the <thalamus.com> domain name or to use the Thalamus Marks or similar stylized imagery on <thalamus.com>.

27. John Doe's continued operation of a website under a domain name that is confusingly similar to the <thalamusgme.com> domain name and use of the Thalamus Marks in conjunction with confusingly similar stylized brain imagery has left Thalamus with no alternative but to pursue this action to protect and enforce its valuable trademark rights and to prevent the continuation of the fraud being perpetrated on unsuspecting members of the public.

## COUNT I

**(**Violation of the Anti-Cybersquatting Consumer Protection Act**)**

28. Thalamus incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 27 above, inclusive.

29. John Doe has registered, trafficked in, and used in interstate commerce the domain name <thalamus.com> without authorization from Thalamus with the bad faith intent of profiting off of the Thalamus Marks and by misleading or deceiving the public into believing that Thalamus is somehow associated or affiliated with, or sponsors or endorses, John Doe, its

services, and website.

30. The aforesaid actions constitute cyberpiracy in violation of Section 43(d) of the Trademark Act of 1946, 15 U.S.C. § 1125(d).

31. John Doe's unauthorized registration and use of the <thalamus.com> domain name has caused, and unless and until restrained, enjoined and transferred to Thalamus, will continue to cause irreparable injury to Thalamus. Thalamus has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful conduct alleged herein, Thalamus respectfully prays that:

1. The Court enter judgment that registration and use of the <thalamus.com> domain name violates the Anti-Cybersquatting Consumer Protection Act, 15U.S.C. § 1125(d).

2. The Court issue an order compelling VeriSign to change the registrar of the <thalamus.com> domain name to a registrar of Thalamus's choosing and thereafter be registered in Thalamus's name;

3. The Court issue an order requiring defendant John Doe to show cause, if defendant John Doe has any, why defendant John Doe should not be enjoined as hereinabove set forth, during the pendency of this action;

4. The Court enter a judgment for reasonable attorneys' fees and costs; and

5. The Court grant Thalamus such other, different, and additional relief as the Court deems just and proper.

Dated:  October 22, 2025

                                      Respectfully submitted,

                                      RESTON LAW GROUP, LLP

                                      */s/ John A. Bonello*
                                      John A. Bonello (VA Bar No. 71926)
                                      2100 Reston Parkway
                                      Suite 450
                                      Reston, Virginia 20191
                                      Phone:703-483-2810
                                      Fax: 703-264-2226
                                      Email: jbonello@restonlaw.com

                                      GRELLAS SHAH LLP

                                      Dhaivat H. Shah (*pro has vice* to be filed)
                                      550 California St
                                      Suite 1040
                                      San Francisco, CA 94104
                                      Phone: 408-255-6310
                                      Email: ds@grellas.com

                                      Attorneys for Plaintiff SJ Medconnect, Inc. d/b/a Thalamus